UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CANDIDO PEREZ LOPEZ,

Petitioner,

v.                                                          CAUSE NO. 3:26-CV-553-CCB-SJF

SAMUEL OLSON, et al.,

Respondents.

## **OPINION AND ORDER**

Immigration detainee Candido Perez Lopez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Perez Lopez is a citizen of Mexico who entered the United States without inspection. (ECF 1 at 4-5; ECF 6-2 at 9.) He claims—without contradiction by the government—that he has been in this country since 2000. (ECF 1 at 5.) He came to the attention of immigrations officials in 2017, when he was arrested and subsequently convicted in Noble County, Indiana, for operating a vehicle while intoxicated. (ECF 6-2 at 4.) He was taken into custody by Immigration and Customs Enforcement (ICE) agents and removal proceedings were initiated against him. (*Id.*) An immigration judge granted him release on $2,500 bond. (*Id.*)

In 2019, his bond was cancelled and he was re-detained after he was arrested in Noble County on new charges of battery and domestic battery. (*Id.* at 4-5.) He was later

convicted of the battery charge. (*Id.* at 5.) An immigration judge granted him bond again, this time in the amount of $7,500. (*Id.* at 4.) In 2021, he was arrested and subsequently convicted of operating a vehicle while intoxicated and resisting law enforcement. (*Id.* at 5.) In 2023, he was arrested on a domestic battery charge that was later dismissed. (*Id.*) In August 2025, he was arrested again for domestic battery, and this charge remains pending. (*Id.*)

In March 2026, he was taken into custody by ICE agents in Indiana pursuant to an administrative warrant after he appeared in court in his pending criminal case.[1] (ECF 6-2 at 4, 6.) He was then transferred to Miami Correctional Facility, where he remains at present pending the conclusion of his removal proceedings. (ECF 1 at 2.) An immigration judge has ordered him removed to Mexico, and his appeal to the Board of Immigration Appeals (BIA) remains pending. (ECF 6-2 at 4.) He argues that immigration officials view him as ineligible for bond under 8 U.S.C. § 1225(b)(2), and that his detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (ECF 1 at 11-12.) He seeks release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 12.)

---

[1] It is unclear from the record whether Mr. Perez Lopez was out on bond at the time of his recent arrests, or if his bond was cancelled after he was granted work authorization and other relief by the United States Citizenship and Immigration Services in 2021. (*See* ECF 6-2 at 4.) If he was on bond, the Attorney General has discretion to revoke a prior bond and re-detain a noncitizen who is in removal proceedings. 8 CFR § 236.1(c)(9). The Board of Immigration Appeals has held that "where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance." *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). Mr. Perez Lopez does not dispute that he had a conviction and arrests after the 2019 bond determination, nor does he argue that changed circumstances for his re-detention were lacking. His petition focuses instead on his right to a custody redetermination by an immigration judge after his re-detention.

2

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents answered the petition (ECF 6), and Mr. Perez Lopez filed a reply (ECF 7).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Perez Lopez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Perez Lopez who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Perez Lopez was arrested pursuant to a warrant, which accords with § 1226(a).[3] (ECF 6-2 at 6.) However, he has not been granted an opportunity for bond

---

[2] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, ___F.4th___, 2026 WL 1223250 (7th Cir. May 5, 2026). One judge rejected the government's approach and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second Circuit recently rejected the government's interpretation of § 1225(b)(2). *See Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

[3] Mr. Perez Lopez asserted in his petition that there was no warrant for his arrest. (ECF 1 at 10.) The government has produced the warrant (ECF 6-2 at 6), and Mr. Perez Lopez does not dispute this or raise any issue related to the warrant in his reply. (ECF 7.)

because the government views him as categorically ineligible for bond under § 1225(b)(2). (*See* ECF 6.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.[4] *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Perez Lopez any relief until he exhausts all available administrative remedies, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the Board of Immigration Appeals (BIA). (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Perez Lopez argues that it would be futile for him to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding

---

[4] The Respondents do not argue that Mr. Perez Lopez's criminal record makes him ineligible for bond under 8 U.S.C. § 1226(c). (ECF 6.) The court therefore does not explore this matter further. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 7 at 8-9.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Perez Lopez as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would be futile to require him to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a bond request or appeal filed by an individual like Mr. Perez Lopez, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Mr. Perez Lopez presses for outright release, but the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306. He asks that the hearing occur within fourteen days, and the court will grant this request. Because the court concludes that Mr. Perez Lopez is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and ORDERS the Respondents to release Candido Perez Lopez on or before **May 22, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **May 24, 2026.**

SO ORDERED on May 7, 2026.

_/s/ Cristal C. Brisco_

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT